# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 08-1182 DOC(MLGx)                    Date: December 5, 2008

Title: Bruce Tran v. SMC Corporation of America

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

Date:_____  Deputy Clerk: _____

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

__Kristee Hopkins__                    ___Not Present___
Courtroom Clerk                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                           NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER TO SHOW CAUSE RE REMAND TO STATE COURT

On October 24, 2008 this action was removed to this Court pursuant to 28 U.S.C. § 1441(b) and 1446(b). However, removal appears to be improper for the reason(s) opposite the boxes checked:

[ ]    The action was not removed within thirty days of the date the first defendant to be served was served with "a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325-26, 143 L. Ed. 2d 448 (1999); *Ford v. New United Motors Mfg., Inc.*, 857 F. Supp. 707, 709 (N.D. Cal. 1994).

[ ]    Removing party has not alleged when the first defendant to be served was served.

[ ]    Removing party has not alleged which defendants have been served and which have not.

MINUTES FORM 11 DOC                    Initials of Deputy Clerk _kh_
CIVIL - GEN                            Page 1 of 3

[  ]   Removing party has not alleged when each served defendant was served.

[  ]   Although the case may not have been initially removable, the action was not removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).

[  ]   All defendants have not joined in the notice of removal.  Generally, all served defendants must join in removal.  *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248, 20 S. Ct. 854, 855, 44 L. Ed. 1055 (1900); *Parrino v. FHP, Inc.*, 146 F.3d 669, 703 (9th Cir. 1998); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981).

[  ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but all plaintiffs are not diverse from all defendants.  *See* 28 U.S.C. § 1332; *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

**[X]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but the Removing party has set forth only the residence, rather than the citizenship, of the parties. Diversity or alienage is based upon a party's citizenship.  *See* 28 U.S.C. 1332(a).**

[  ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but some of the defendants are California citizens.  *See* 28 U.S.C. § 1441(b).

[  ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, some of the parties are corporations, and the Notice of Removal does not state both their state of incorporation and principal place of business.  28 U.S.C. § 1332.

[  ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the case was *not* initially removable, and the notice of removal was filed more than one year after commencement of the action.  28 U.S.C. § 1446(b); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998).

[  ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 but the matter in controversy does not appear to exceed $75,000.

[  ]   Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on grounds of preemption but it does not appear that any of the claims are

subject to complete preemption.

[   ]   Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C.
        § 1331 on grounds of the artful pleading doctrine but the claims appear to be
        properly pled.

Accordingly, the Court orders Defendant(s) to show cause in writing by **December 22,
2008,** why this action should not be remanded.  Plaintiff(s) may submit a response in the same time
period.  The Clerk shall serve this minute order on all parties to the action.